﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/19 Archive Date: 12/31/19

DOCKET NO. 190415-8151
DATE: December 31, 2019

REMANDED

Service connection for defective bilateral vision, to include as secondary to service-connected headaches, is remanded.

REASONS FOR REMAND

The Veteran served on active duty from November 1978 to November 1979. The Board notes that the rating decision on appeal was issued in April 2019. In September 2018, the Veteran elected the modernized review system. 38 C.F.R. § 19.2(d).

The Veteran’s claim was initially denied by the Agency of Original Jurisdiction (AOJ) in a September 1986 rating decision. As the Veteran did not appeal or submit new and material evidence within one year of notification, that decision was final. In October 2011, the Veteran filed a new claim for service connection for defective bilateral vision. The AOJ denied reopening the claim in an October 2012 rating decision, finding the Veteran had not submitted new and material evidence. In November 2016, a Board of Veterans’ Appeals (Board) hearing was held before the undersigned Veterans Law Judge and the transcript is associated with the record. In June 2018, the Board reopened and remanded the claim in order to obtain an adequate VA examination.

Thereafter, in September 2018, the Veteran selected the Higher-Level Review lane when he opted in to the Appeals Modernization Act (AMA) review system by submitting a Rapid Appeals Modernization Program (RAMP) election form. In a December 2018 Deferred Rating Decision, the AOJ identified a duty to assist error and directed additional development. Thereafter, in April 2019, the AOJ readjudicated the issue as a supplemental claim and issued a RAMP rating decision, continuing the denial of the Veteran’s claim.

The Veteran timely appealed this rating decision to the Board and requested direct review of the evidence considered by the AOJ.

Service connection for defective bilateral vision.

The issue of entitlement to service connection for defective bilateral vision is remanded to correct a duty to assist error that occurred prior to the April 2019 rating decision on appeal. Once the VA undertakes providing a veteran with an examination, it has a duty to ensure it is adequate. See Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). Under AMA, the Board must remand to the AOJ to correct pre-decisional duty to assist errors. 38 C.F.R. § 20.802(a). In secondary service connection claims, a medical opinion is inadequate if it does not address both causation and aggravation of the nonservice-connected condition. El-Amin v. Shinseki, 26 Vet. App. 136, 138 (2013).

In March 2019, the AOJ obtained a VA medical opinion. However, this medical opinion does not provide an adequate opinion regarding whether the Veteran’s defective bilateral vision is caused or aggravated by his service-connected headaches. Although the VA examiner addressed secondary service connection, he failed to adequately consider the relationship, or lack thereof, regarding aggravation between the Veteran’s service-connected headaches and his current vision disabilities. Therefore, a remand for a new VA opinion is required.

The matters are REMANDED for the following action:

1. Obtain a medical opinion from an appropriate medical professional regarding the nature and etiology of the Veteran’s diagnosed vision disorders, to include near total visual impairment, exotropia OD, myopia, and astigmatism. The entire claims file, including this remand, must be made available to and be reviewed by the examiner. A complete rationale must be provided for all opinions expressed. The examiner must provide the following opinions:

(a.) Whether each diagnosed vision disability at least as likely as not (i.e., 50 percent or greater probability) had its onset in, or is otherwise related to the Veteran’s active service.

(b.) Whether it is at least as likely as not (i.e., 50 percent or greater probability) that each diagnosed eye disability was caused by the Veteran’s service-connected headaches.

(c.) Provide an opinion as to whether it is at least as likely as not (i.e., 50 percent or greater probability) that each diagnosed eye disability was aggravated beyond its natural progression by the Veteran’s service-connected headaches.

 

 

K. MILLIKAN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board N. B. Smith, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.